UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLYN A. HARRIS,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

Case No. C11-1655 RAJ-BAT

**REPORT AND RECOMMENDATION**

The Commissioner of Social Security moves to dismiss plaintiff Carolyn A. Harris's complaint, contending that this Court lacks subject matter jurisdiction over the *res judicata* denial of Ms. Harris's subsequent application for disability insurance benefits. (Dkt. 13.) The Commissioner's own concessions demonstrate, however, that Ms. Harris raises a colorable constitutional claim that she was denied due process because the administrative law judge ("ALJ") and the Appeals Council failed to consider **(1)** an unadjudicated period, and **(2)** Ms. Harris's mental impairments and lack of counsel during the initial denial of benefits. *See Califano v. Sanders*, 420 U.S. 99, 109 (1977); *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001); *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997); Acquiescence Ruling ("AR") 97-4(9), *available at* 1997 WL 742758; Social Security Ruling ("SSR") 91-5p, *available at* 1991

REPORT AND RECOMMENDATION - 1

WL 208067. The Court recommends **DENYING** the Commissioner's motion to dismiss (Dkt. 13), **EXERCISING** subject matter jurisdiction, **FINDING** that good cause exists to remand this matter pursuant to **sentence six** of 42 U.S.C. § 405(g), and **REMANDING** this case to the Appeals Council to review the relevant documents and to enter the appropriate rulings to allow the further development of the record. Because this is a sentence-six remand, the Court retains jurisdiction over this matter. If Ms. Harris receives an unfavorable decision she may seek judicial review by reinstating this case rather than by filing a new complaint.

## I. BACKGROUND

In August 2004, Ms. Harris filed her initial application for Title II disability insurance benefits. She was found to have a date last insured of **December 31, 2003**. (Dkt. 13-1, at 6, 9.) That application was denied in January 2005 (Dkt. 13-1, at 6), and was denied on reconsideration in March 2005 (Dkt. 13-1, at 9). Ms. Harris was not represented by counsel in the August 2004 application and did not further appeal the March 2005 adverse determination. The reconsidered determination then became final and binding.

In May 2009, represented by counsel, Ms. Harris filed a subsequent application for Title II benefits. In this subsequent application, she was found to have a date last insured of **June 30, 2004**. (Dkt. 13-1, at 11.) The subsequent application was denied in June 2009, and denied on reconsideration in July 2009. (Dkt. 13-1, at 11; *see* Dkt. 13-1, at 14 (setting forth procedural history).) In January 2011, an ALJ dismissed Ms. Harris's request for a hearing based on *res judicata* and failure to meet the conditions of 20 C.F.R. § 404.988 for reopening a previous determination. (Dkt. 13-1, at 14–15.) In August 2011, the Appeals Counsel denied her request for review. (Dkt. 13-1, at 16–17.)

In October 2011, Ms. Harris filed the present complaint. (Dkt. 1.) She contends that the

Commissioner violated her constitutional right to due process by relying on *res judicata* to dismiss her request for a hearing because she was not represented by counsel in her initial application for benefits and has a mental impairment that prevented her from understanding and pursuing her administrative remedies in 2005. (Dkt. 1, at 2.) In lieu of filing an Answer, in March 2012, the Commissioner moves to dismiss for lack of subject matter jurisdiction, asserting that once this case was dismissed without prejudice the Appeals Council will *sua sponte* take the following actions:

> 1) Verify the dates last insured at issue in Plaintiff's March 11, 2005, and July 14, 2009, adverse reconsideration determinations. If there is an unadjudicated period, the Appeals Council will vacate the Order of Dismissal of Plaintiff's subsequent May 2009 application and provide Plaintiff with a de novo hearing on the unadjudicated period of time, pursuant to Acquiescence Ruling (AR) 97-4(9). *See* Exhibits (Exs.) 1-2. See also AR 97-4(9).
>
> 2) Vacate the ALJ's January 25, 2011, Order Dismissing Plaintiff's Request for a Hearing and provide Plaintiff another decision on her request to reopen her August 2004 application, to further develop the record and include consideration of her mental impairments, pursuant to SSR 91-5p. *See* Ex. 4. *See also* SSR 91-5(p).

(Dkt. 13, at 10–11.) Ms. Harris opposes the Commissioner's motion to dismiss because raising a colorable constitutional claim confers federal-court jurisdiction over otherwise unreviewable, discretionary decisions, and notes that there is no dispute that Ms. Harris's earnings in 2004 advanced her date last insured by two quarters to June 30, 2004, which means the initial and subsequent denials of benefits refer to different dates. (Dkt. 14; Dkt. 14-3.) The Commissioner did not file a reply brief.

## II. DISCUSSION

The parties do not genuinely dispute that the administrative record must be further developed because **(1)** the unadjudicated period between **December 31, 2003**, and **June 30, 2004**, constitutes a new issue that prevents the application of administrative *res judicata* under

AR 97-4(9), and **(2)** the ALJ and the Appeals Council did not adequately consider whether Ms. Harris's mental impairments and lack of counsel during the initial denial of benefits rendered the deadline to request review inapplicable as set forth in SSR 91-5p. They disagree about a single issue: whether this Court has subject matter jurisdiction over this lawsuit. The Commissioner moves to dismiss, contending that the agency cannot take action while this matter remains pending in federal court. Ms. Harris responds that the Court has jurisdiction to remand this matter so that the agency can take the actions promised.

The Court finds that the federal district court has subject matter jurisdiction over the decisions to deny Ms. Harris's subsequent application on the basis of *res judicata* and her request for a hearing and to reopen because she has raised a colorable constitutional claim for denial of her right to due process. The Court further finds that the Commissioner's concessions—that the agency should have, but did not, consider an unadjudicated period and new, material evidence in 2010 of her mental impairments and lack of counsel during the initial application—constitute good cause for remanding this matter under sentence six of 42 U.S.C. § 405(g). The Court therefore recommends denying the Commissioner's motion to dismiss and remanding this matter under sentence six of 42 U.S.C. § 205(g) for further development of the record in the manner that the Commissioner has set forth. Should Ms. Harris receive an unfavorable decision after the record has been fully developed, she may reinstate the present action to determine whether her right to due process has been violated.

**A.     Subject Matter Jurisdiction**

The Social Security Act grants to district courts the jurisdiction to review only "final decisions" of the Commissioner. 42 U.S.C. § 405(g). Because a denial of a motion to reopen or the dismissal of a request for a hearing on the basis of *res judicata* is a discretionary decision, it

is not final and, thus, is not generally reviewable by a district court. *See Califano v. Sanders*, 430 U.S. 99, 107–09 (1977); *Udd v. Massanari*, 245 F.3d 1096, 1098–99 (9th Cir. 2001). In *Sanders*, however, the Supreme Court recognized an exception to this rule. The *Sanders* Court explained that federal subject matter jurisdiction exists "where the . . . denial of a petition to reopen is challenged on constitutional grounds." *Sanders*, 430 U.S. at 109. The Ninth Circuit explained that "the *Sanders* exception applies to any colorable claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Evans v. Chater*, 1110 F.3d 1480, 1483 (9th Cir. 1997) (internal citations omitted); *Udd*, 245 F.3d at 1099 (quoting *Evans*). "A constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous. Rather, the claim must be supported by facts sufficient to state a violation of substantive or procedural due process." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (internal citations omitted). Moreover, the Ninth Circuit has repeatedly and consistently held that a claimant's allegation that a mental impairment prevented her from petitioning for review of an initial denial of benefits amounts to a colorable due process claim, particularly when the claimant was not represented by counsel on the initial application. *Klemm*, 543 F.3d at 1144–45; *Udd*, 245 F.3d at 1099; *Evans*, 110 F.3d at 1483.

Although the Commissioner ostensibly argues that the federal district court lacks subject matter jurisdiction over this case, his concessions establish that Ms. Harris has raised a colorable constitutional claim for a violation of due process. First, the Commissioner points out that even a cursory examination of the record suggests that the agency should have considered the unadjudicated period of time between December 31, 2003, and June 30, 2004, to be a new issue that prevents the application of *res judicata*. (Dkt. 13, at 7); *see* AR 97-4(9). Ms. Harris has

confirmed that the Ms. Harris's date last insured changed between applications due to her earnings in 2004. (Dkt. 14; Dkt. 14-3.) Second, the Commissioner states without qualification that "Claimant in this case has asserted a Constitutional due process claim on the basis that she was not represented by counsel during proceedings surrounding her August 2004 application for benefits, and the mental impairments she was suffering from at the time prevented her from understanding and pursuing her administrative remedies following denial of her application in March 2005." (*Id.* at 8.) As the Commissioner notes, contrary to the ALJ's January 2011 conclusion, Ms. Harris "did allege a mental impairment on her August 2004 application," so according to SSR 91-5p, should the underlying facts be proven the time limitations on a subsequent application would be tolled for good cause. (*Id.* at 8–9.) Moreover, in September 2010, Ms. Harris submitted a Physical Residual Functional Capacity Assessment form that the ALJ appears to have ignored. (Dkts. 14-1, 14-2.) In that form, the treating physician found not only that from October 2003 onward Ms. Harris's heart condition and physical limitations have confined her to sedentary activities, but also that her "Major Depressive Disorder further disables the patient from taking care of more than her basic ADLs." (Dkt. 14-2, at 2.)

Thus, the Commissioner does not strenuously argue that this Court lacks subject matter jurisdiction; rather, he argues that this matter should be dismissed without prejudice so that the agency may provide the process Ms. Harris is due without court supervision. While the Court lauds the Commissioner's candor, careful examination of the record, and promises to further develop the record, the Court declines the invitation to ignore the import of *Sanders* and *Udd*. The Court recommends denying the Commissioner's motion to dismiss because the district court retains federal subject matter jurisdiction over Ms. Harris's claimed violation of procedural due process. Given the Commissioner's concessions, this matter should, however, be remanded so

that the record may be further developed.

**B.      Sentence Six Remand**

The Court finds that Ms. Harris has demonstrated good cause to remand this matter under sentence six of 42 U.S.C. § 405(g) because the agency should have, but did not, consider an unadjudicated period and new, material evidence in 2010 of her mental impairments and lack of counsel during the initial application process.[1] In sentence six remands, this Court retains jurisdiction over the action pending further administrative development of the record. *See Melkonyan v. Sullivan*, 501 U.S. 89, 101–02 (1991). Hence, if the Appeals Council after further reviewing and developing the record enters a decision that is unfavorable to Ms. Harris, she may seek judicial review by reinstating this case, rather than by filing a new complaint.[2]

### III.      CONCLUSION

The Court recommends **DENYING** the Commissioner's motion to dismiss (Dkt. 13), **EXERCISING** subject matter jurisdiction, **FINDING** that good cause exists to remand this matter pursuant to **sentence six** of 42 U.S.C. § 405(g), and **REMANDING** this case to the

---

[1] Sentence six provides as follows:
> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and **it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding**; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 205(g) (emphasis added).

[2] It should be noted, however, that Ms. Harris's due process claim is the basis for federal jurisdiction over the current cause of action. Should Ms. Harris find it necessary, after further development of the record, to reinstate the current case, the relief she could obtain in the absence of a 42 U.S.C. § 405(g) "final decision" would be the process she is due, i.e., remand to the Commissioner so the agency can rule on the merits of plaintiff's disabilities claims in the first instance. *See Udd*, 245 F.3d at 1102; *see also* SSR 91-5p ("If the adjudicator determines that good cause exists, he or she will extend the time for requesting review and take that action that would have been appropriate had the claimant filed a timely request for review.").

Appeals Council to review the relevant documents and to enter the appropriate rulings so that the record may be further developed.

On remand, the Appeals Council should:

(1) Verify the dates last insured at issue in Plaintiff's March 11, 2005, and July 14, 2009, adverse reconsideration determinations. If there is an unadjudicated period, the Appeals Council will vacate the Order of Dismissal of Plaintiff's subsequent May 2009 application and provide Plaintiff with a *de novo* hearing on the unadjudicated period of time, pursuant to AR 97-4(9).

(2) Vacate the ALJ's January 25, 2011, Order Dismissing Plaintiff's Request for a Hearing and provide Plaintiff another decision on her request to reopen her August 2004 application, to further develop the record and include consideration of her mental impairments, pursuant to SSR 91-5p.

A proposed order accompanies this Report and Recommendation. Objections, if any, to this Report and Recommendation must be filed and served no later than **May 23, 2012.** If no objections are filed, the matter will be ready for the Court's consideration on **May 25, 2012**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 9th day of May, 2012.

／s／
BRIAN A. TSUCHIDA
United States Magistrate Judge